CALDARELLI HEJMANOWSKI & PAGE LLP
Jack R. Leer (SBN 184982)
Ben West (SBN 251018)
12340 El Camino Real, Suite 430
San Diego, CA 92130
Telephone: (858) 720-8080
Facsimile: (858) 720-6680
jrl@chplawfirm.com
dbw@chplawfirm.com

Attorneys for Plaintiff TABLE BLUFF BREWING, INC.
d/b/a LOST COAST BREWERY & CAFÉ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TABLE BLUFF BREWING, INC. d/b/a LOST COAST BREWERY & CAFÉ, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVIATOR BREWING COMPANY, INC., a North Carolina Corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. **TRADEMARK INFRINGMENT (15 U.S.C. § 1114);** <br><br> 2. **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)); AND** <br><br> 3. **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT.** <br><br> **DEMAND FOR JURY TRIAL** <br> [Fed. R. Civ. P. 38(b)] |
|---|---|

Plaintiff TABLE BLUFF BREWING, INC. d/b/a LOST COAST BREWERY & CAFÉ for its complaint against AVIATOR BREWING COMPANY, INC. alleges as follows:

## JURISDICTION

1. This is a Complaint for trademark infringement under the Lanham Act (15 U.S.C. § 1114); unfair competition and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)); and trademark infringement under the common law of the State of California.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 15 U.S.C. § 1121/28 U.S.C. § 1338 (original jurisdiction over Lanham Act actions). The Court has supplemental jurisdiction over the state-

**COMPLAINT**

law claim under 28 U.S.C. § 1367 because it derives from a common nucleus of operative facts and forms part of the same case or controversy as the federal-question claims.

3. The Court has personal jurisdiction over Defendant because Defendant committed intentional acts directed at California and Plaintiff which caused harm that Defendant knew would be suffered in California. Defendant knows that Plaintiff is located in California, knows what products Plaintiff sells, knows what marks Plaintiff uses, and intentionally put its products on the market with the infringing mark on them. Defendant knew that the mark on its own product infringed Plaintiff's mark such that Defendant knew that Plaintiff would feel the effects of Defendant's infringement in California.

**VENUE**

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). Plaintiff operates its business in this judicial district and injury to Plaintiff caused by Defendant's conduct occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

5. As an Intellectual Property Action, this matter is not eligible for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

**PARTIES**

6. Table Bluff Brewing, Inc. d/b/a Lost Coast Brewery & Café ("Lost Coast") is a California corporation with its principal place of business in Eureka, Humboldt County, California.

7. Aviator Brewing Company, Inc. ("Aviator") is a North Carolina corporation with its principal place of business located in Fuquay-Varina, North Carolina.

**FACTUAL BACKGROUND**

8. Lost Coast has been marketing and selling beer under various trademarks since 1990. Lost Coast has spent substantial money, time, energy, and resources to ensure that the general public associates its trademarks exclusively with Lost Coast and its products.

9. Lost Coast and its products are well-known nationwide by beer consumers because Lost Coast is one of the top 50 producers of beer in the nation. In 2013, the Brewers

1  Association ranked Lost Coast the 37th largest producer by beer sales volume in the craft
2  brewing category and the 48th largest producer by beer sales volume in the overall category.  In
3  2012, the Brewers Association ranked Lost Coast the 38th largest producer by beer sales volume
4  in the craft brewing category and the 49th largest producer by beer sales volume in the overall
5  category.

6  10.  Lost Coast distributes its beer in 22 states, including North Carolina, and in a
7  dozen other countries and territories.

8  11.  One of Lost Coast's trademarks is an illustrated drawing including words and
9  letters for Lost Coast's wheat beer called "Great White" ("GREAT WHITE Mark").  The
10 GREAT WHITE Mark was registered on the Principal Register of the United States Patent and
11 Trademark Office on September 19, 2000 under registration number 2,387,570.  A true and
12 correct copy of the registration certificate is attached as Exhibit A.  A color sample of the
13 GREAT WHITE Mark is attached as Exhibit B.

14 12.  Lost Coast has used the GREAT WHITE Mark in commerce since at least
15 December 12, 1996.

16 13.  Lost Coast has continuously used the GREAT WHITE Mark since it was
17 registered on the Principal Register such that Lost Coast's right to use the GREAT WHITE Mark
18 is incontestable under 15 U.S.C. § 1065.

19 14.  In approximately August, 2000, Lost Coast started distributing its Great White
20 wheat beer using the GREAT WHITE Mark in North Carolina.

21 15.  The GREAT WHITE Mark depicts a shark standing on a beach holding a beer
22 mug with one pectoral fin and an upright surfboard positioned on the opposite side of the shark.
23 The shark's teeth are prominently depicted.  The surfboard has a bite mark at the top.  The
24 background contains a beach, water, and sunset coloring.

25 16.  Lost Coast advertises its Great White wheat beer as having a "hint of citrus."

26 17.  Defendant Aviator also produces and sells a wheat beer called "Mad Beach"
27 under the confusingly similar Mad Beach mark.  A true and correct color sample of the Mad
28 Beach mark is attached as Exhibit C.

18. Like the GREAT WHITE Mark, Aviator's Mad Beach mark also depicts a shark standing on a beach holding a beer mug with one pectoral fin and an upright surfboard positioned on the opposite side of the shark. The shark's teeth are also prominently displayed. The surfboard also has a bite mark at the top. The background also contains a beach, water, and sunset coloring.

19. Aviator also uses citrus-themed language to describe its Mad Beach wheat beer: "We also spice this beer with sweet orange peel."

20. Aviator's use of the Mad Beach mark in connection with the sale, offering for sale, distribution, or advertising of its wheat beer is likely to cause consumer confusion as to the origin of Lost Coast's Great White wheat beer and Aviator's Mad Beach wheat beer.

21. Aviator is therefore liable for mark infringement under 15 U.S.C. § 1114, unfair competition/false designation of origin under 15 U.S.C. § 1125(a), and mark infringement under California common law.

## FIRST CAUSE OF ACTION

### (Trademark Infringement – 15 U.S.C. § 1114)

22. Lost Coast incorporates by reference the foregoing allegations as though set forth herein.

23. Lost Coast's federal registration is conclusive evidence of Lost Coast's exclusive right to use the GREAT WHITE Mark in commerce under 15 U.S.C. §1115.

24. Aviator's use of the Mad Beach mark in connection with the sale, offering for sale, distribution, or advertising of its Mad Beach wheat beer is likely to cause confusion or mistake or is likely to deceive the public, thereby constituting infringement of the GREAT WHITE Mark in violation of 15 U.S.C. §1114.

25. As a result of Aviator's infringement, Lost Coast has suffered, and will continue to suffer, ongoing and irreparable injury for which Lost Coast has no adequate remedy at law.

26. Aviator's infringement has been and continues to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C § 1117.

27. Lost Coast is entitled to preliminary and permanent injunctions, as well as all other remedies under the Lanham Act, including: compensatory damages, treble damages, disgorgement of profits, costs, and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### (False Designation of Origin – 15 U.S.C. § 1125(a))

28. Lost Coast incorporates by reference the foregoing allegations as though set forth herein.

29. The GREAT WHITE Mark, as used by Lost Coast in connection with its Great White wheat beer, is distinctive and has become associated with Lost Coast such that it exclusively identifies Lost Coast and its Great White wheat beer.

30. Aviator's use in commerce of the Mad Beach mark is likely to cause confusion or mistake, or to deceive members of the public into believing that Aviator's Mad Beach wheat beer is affiliated, connected, sponsored, originating from, or otherwise associated with Lost Coast, thereby constituting false designation of origin, passing off, false advertising, and unfair competition under 15 U.S.C. § 1125(a).

31. As a result of Aviator's infringement, Lost Coast has suffered, and will continue to suffer, ongoing and irreparable injury for which Lost Coast has no adequate remedy at law.

32. Aviator's infringement has been and continues to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C § 1117.

33. Lost Coast is entitled to preliminary and permanent injunctions, as well as all other remedies under the Lanham Act, including: compensatory damages, treble damages, disgorgement of profits, costs, and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### (California Common Law Trademark Infringement)

34. Lost Coast incorporates by reference the foregoing allegations as though set forth herein.

35. Lost Coast's use of the GREAT WHITE Mark precedes Aviator's use of the Mad Beach mark.

36. Aviator's use of the Mad Beach mark is likely to cause confusion as to Lost Coast's association, affiliation, sponsorship, or endorsement of Aviator and its Mad Beach wheat beer.

37. As a result of Aviator's infringement of the GREAT WHITE Mark, Lost Coast has suffered and will continue to suffer loss of income, profits, and goodwill and Aviator has and will continue to be unjustly enriched by acquiring income, profits, and goodwill to which it is not entitled.

38. As a result of Aviator's infringement, Lost Coast has suffered and will continue to suffer ongoing and irreparable injury for which Lost Coast has no adequate remedy at law.

39. Aviator committed its infringement willfully and after actual and constructive notice of Lost Coast's rights. Aviator's conduct justifies an award of exemplary damages.

## PRAYER

WHEREFORE, Lost Coast prays for judgment as follows:

1. That Aviator and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through, or under authority from Aviator, and each of them, be preliminarily and permanently enjoined from:

   a. Using the GREAT WHITE Mark or any colorable imitation thereof; and

   b. Using any mark that imitates or is confusingly similar to or in any way similar to the GREAT WHITE Mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Lost Coast's Great White wheat beer or its connection to Aviator;

2. That Aviator be required to file with the Court and serve on Lost Coast within thirty days after entry of injunctive relief, a report in writing and under oath setting forth in detail the manner and form in which Aviator has complied with the injunctive relief;

3. That, under 15 U.S.C. § 1117, Aviator be held liable for all damages suffered by Lost Coast resulting from the acts alleged herein;

4. That, under 15 U.S.C. § 1117, Aviator be compelled to account to Lost Coast for any and all profits derived by Aviator from the acts complained of herein;

5. That Aviator be ordered under 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in Aviator's possession, custody, or control bearing a trademark found to infringe the GREAT WHITE Mark, as well as all plates, matrices, and other means of making the same;

6. That the Court declare this to be an exceptional case and award Lost Coast its full costs and reasonable attorneys' fees under 15 U.S.C. § 1117;

7. That the Court grant Lost Coast any other remedy to which it may be entitled under the Lanham Act (15 U.S.C. §§ 1116-17) or under state law; and

8. For any other relief as the Court deems just and proper.

Respectfully submitted,

DATED: July 29, 2014    **CALDARELLI, HEJMANOWSKI & PAGE LLP**

By: *Ben West* (signature)

Jack R. Leer
Ben West
Attorneys for Plaintiff
TABLE BLUFF BREWING, INC.
d/b/a LOST COAST BREWERY & CAFÉ
jrl@chplawfirm.com
dbw@chplawfirm.com

## DEMAND FOR JURY TRIAL

Lost Coast hereby demands a jury trial.

DATED: July 29, 2014

CALDARELLI, HEJMANOWSKI & PAGE LLP

By: /s/ Ben West
Jack R. Leer
Ben West
Attorneys for Plaintiff
TABLE BLUFF BREWING, INC.
d/b/a LOST COAST BREWERY & CAFÉ
jrl@chplawfirm.com
dbw@chplawfirm.com

# EXHIBIT "A"

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

Reg. No. 2,387,570

**United States Patent and Trademark Office**    Registered Sep. 19, 2000

## TRADEMARK
### PRINCIPAL REGISTER



TABLE BLUFF BREWING, INC. (CALIFORNIA CORPORATION), DBA LOST COAST BREWERY & CAFE
617 4TH STREET
EUREKA, CA 95501

FOR: BEER, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 12-12-1996; IN COMMERCE 12-12-1996.

SER. NO. 75-759,123, FILED 7-23-1999.

DANIEL CAPSHAW, EXAMINING ATTORNEY

# EXHIBIT "B"



EXHIBIT B - 2

# EXHIBIT "C"



EXHIBIT C - 3